UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLIS GILMORE,

                      Plaintiff,

    -against-

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/18/11

09 Civ. 6241 (RMB) (FM)

**ORDER**

## I. Background

On or about July 13, 2009, Carlis Gilmore ("Plaintiff"), proceeding pro se, filed a complaint ("Complaint") pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) ("Social Security Act"), seeking review of a decision ("Decision"), dated March 29, 2007, issued by Jerome Hornblass, administrative law judge ("ALJ") of the Social Security Administration ("Defendant"). (Compl. ¶¶ 1, 7.) The ALJ found that Plaintiff was not entitled to benefits because, among other reasons, Plaintiff is "capable of light work." (Decision at 4.) On June 3, 2009, the Appeals Council Office of Disability Adjudication and Review ("Appeals Council") denied Plaintiff's request for review, finding "no reason . . . to review the [ALJ's] decision." (See Notice of Appeals Council Action, dated June 3, 2009, at 1.)

On April 20, 2010, Defendant moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") arguing, among other things, that "the ALJ reasonably determined that [P]laintiff's conditions and subjective symptoms would present some limitations, but that those limitations would not prevent him from performing light work." (See Mem. of Law in Supp. of Def.'s Mot. for J. on the Pleadings ("Mem."), dated Apr. 16, 2010, at 13–16.) Plaintiff did not oppose Defendant's motion.

On January 28, 2011, United States Magistrate Judge Frank Maas, to whom the matter had been referred, issued a thorough report and recommendation ("Report") recommending that Defendant's motion be granted and judgment be entered in favor of Defendant because, among other reasons, "substantial evidence" supported the ALJ's determination that Plaintiff's "impairment does not meet or medically equal any of the impairments listed in [the Code of Federal Regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1 ('Appendix 1')]," and that Plaintiff could "complete the full range of light work." (Report at 23–24.)

The Report advised that, "[t]he parties shall have fourteen (14) days from service of this Report to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the [Fed. R. Civ. P.]." (Report at 27.) To date, neither party has filed objections.

**For the reasons set forth below, the Report is adopted in its entirety.**

## II. Standard of Review

"The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous." Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003).

Pro se plaintiffs should be granted leniency. LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

## III. Analysis

The facts and procedural history set forth in the Report are incorporated herein by reference. Having conducted a review of the Report (and applicable legal authorities), the Court finds that the Report is not clearly erroneous and, in fact, is in conformity with the law. See Alaimo v. Bd. of Educ. of the Tri-Valley Cent. Sch. Dist., 650 F. Supp. 2d 289, 291 (S.D.N.Y.

2

2009).

Judge Maas concluded that Plaintiff is not entitled to benefits because, among other reasons, the ALJ properly concluded that Plaintiff's impairment "does not meet the cardiovascular system impairments listed in [s]ection 104 of Appendix 1," that Plaintiff could "complete the full range of light work," and that "there were jobs in the national economy in significant numbers that [Plaintiff] could perform." (Report at 23, 26.) Judge Maas determined that the ALJ properly relied upon, among other things, a physical examination report prepared by a consulting physician, the medical reports of Plaintiff's treating physician, Plaintiff's testimony, and the applicable medical vocational guidelines in the Code of Federal Regulations 20 C.F.R. Part 404, Subpart P, Appendix 2. (Report at 12, 24–25); see 20 C.F.R. §§ 404.1527, 416.927(d)(2); Bapp v. Bowen, 802 F.2d 601, 605–06 (2d Cir. 1986); Rosado v. Barnhart, 290 F. Supp. 2d 431, 438 (S.D.N.Y. 2003).

## IV.   Conclusion & Order

For the reasons set forth herein and therein, the Court adopts Judge Maas' Report in its entirety and Defendant's motion for judgment on the pleadings [#11] is granted. The Clerk of Court is respectfully requested to enter judgment and close this case.

Dated: February 18, 2011
       New York, New York

*RMB*
RICHARD M. BERMAN, U.S.D.J.

3